**Julie PARUCH, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of the Department of Health and Human Services, Defendant.**

No. 79 C 2205.

United States District Court,
E. D. New York.

Oct. 15, 1980.

Stuart J. Silverman, N.Y., for plaintiff.

Edward R. Korman, U. S. Atty., E.D.N.Y. by Ralph L. McMurry, Asst. U. S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge:

Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to seek review of a final decision of the Secretary of Health and Human Services. Plaintiff disputes the Secretary's conclusion that her employment does not constitute covered employment within the meaning of the Social Security Act.

## FACTS

Plaintiff was born in April, 1955 and applied for disability insurance benefits in January, 1976. Under the applicable Social Security Act provision, an individual under age 31 is entitled to benefits if he or she was engaged in covered employment for 6 of the previous 12 quarters. 42 U.S.C. § 423(c)(1)(B)(ii). The Secretary found that during the requisite period, plaintiff worked for two quarters in a brokerage house and for seven quarters, ending in January, 1976, for an accountant who was also plaintiff's stepfather. The Secretary concluded that plaintiff's employment by her stepfather was not covered employment for purposes of the Act.

Plaintiff began working for her stepfather in 1974. At the time, she was married and had not lived with her mother and stepfather since 1972. Plaintiff contends that her employment was bona fide and is covered employment within the applicable Social Security Act provisions. She commenced this action to seek review of the Secretary's determination.

By order of referral dated September 18, 1979, this case was referred to United States Magistrate David F. Jordan to conduct proceedings authorized by 28 U.S.C. § 636(b). Plaintiff moved for judgment on the pleadings under FRCP 12(c) and defendant cross-moved for the same relief. By report and recommendation dated August 19, 1980, the magistrate recommended that final judgment be entered affirming the Secretary's decision denying benefits to plaintiff. On September 2, 1980, plaintiff

filed objections to the magistrate's report with this court. The sole issue presented is whether plaintiff's employment by her stepfather constitutes covered employment.

## DISCUSSION

The Social Security Act excludes from its definition of covered employment "service performed by a child under the age of twenty-one in the employ of his father or mother". 42 U.S.C. § 410(a)(3)(A). During the time period at issue here plaintiff was under 21 years of age and was employed by her stepfather. The Secretary and the magistrate concluded that plaintiff's employment was excluded from coverage within the meaning of § 410.

The Secretary's decision relied on the definition of child contained in 42 U.S.C. § 416. That section defines certain terms "For the purposes of this subchapter:" Section 416(e) provides:

> The term "child" means * * * (2) a stepchild who has been such stepchild for not less than one year immediately preceding the day on which application for child's insurance benefits is filed or (if the insured individual is deceased) not less than nine months immediately preceding the day on which such individual died * * *.

Plaintiff argues that notwithstanding the language purporting to apply the § 416 definitions to the entire subchapter, this definition of "child" by its terms refers to a particular and limited situation: when an application is made for child's insurance benefits, benefits that are available to qualifying children based on the earnings records of their parents. Thus, plaintiff contends, § 416(e) applies only to those situations where a child seeks to recover benefits based on the earnings record of his or her parent. A plain reading of the statute supports this construction. The Secretary focuses on only the first half of the definition and argues that a child is "a stepchild who has been such stepchild for not less than one year"—thereby ignoring the second part of the same sentence: "immediately preceding the day on which application for child's insurance benefits is filed."

Plaintiff's contention, moreover, is further strengthened by the fact that § 402(d)(1), the child's benefit section, contains a cross-reference back to the definition of child in § 416(e). Section 410, the provision defining covered employment, lacks such a cross-reference to § 416(e) in the subsection discussing parent child employment. There is no other indication in § 410 of what Congress meant when it used "child" in that section. However, § 410 distinguishes between son and stepson and daughter and stepdaughter in several subsections of the provision, but refers only to "child" in the subsection excluding from coverage work performed by a child for his or her parent. The court concludes that there is a distinction between "child" and "stepchild" for purposes of § 410. By the § 416 definition as well as elsewhere in the subchapter (§ 410) Congress has thus recognized the difference between children and stepchildren. Moreover, if Congress had intended a blanket definition of treatment for children and stepchildren, such an intent could easily have been expressed. Instead, for one precise situation, an application for children's benefits, Congress provided that one who was a stepchild for over one year would be equated with a child. It must be presumed that absent appropriate language on the statute, Congress intended the natural distinction between child and stepchild to be recognized and applied.

In short, this court concludes that Congress did not intend to include stepchild within the meaning of child as it is used in 42 U.S.C. § 410(a)(3)(A). Therefore, the Secretary's decision to exclude the period in which plaintiff was employed by her stepfather when computing her quarters of covered employment is erroneous. Since the Secretary has not determined whether plaintiff is otherwise entitled to disability insurance benefits, this case must be remanded for further findings.

For the reasons stated, the report and recommendation of Magistrate Jordan dated August 19, 1980 is rejected, and the case is remanded to the Secretary of Health and Human Services for further findings on the issue of disability.

SO ORDERED.